UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO 08-81145-CIV-MARRA/JOHNSON

ROBERT CANNOVA,

      Plaintiffs,

v.

BRECKENRIDGE PHARMACEUTICAL, INC.,
AND LAURENCE D. RUSNDORF,

      Defendants.

_____/

## ORDER AND OPINION ON MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendants Breckenridge Pharmaceutical, Inc. ("Breckenridge") and Laurence D. Runsdorf ("Runsdorf") (collectively, "Defendants")' Motion to Dismiss (DE 2).  Plaintiff Robert Cannova ("Cannova" or "Plaintiff") filed an Opposition to Defendants' Motion to Dismiss (DE 11); Defendants filed a Motion to Strike or in the Alternative Reply to Plaintiff's Opposition Motion (DE 13) and Plaintiff filed an Opposition to Defendants' Motion to Strike (DE 15).  The Court has carefully considered the motion and various responses, and is otherwise fully advised in the premises.

**Background**

On September 4, 2008, Plaintiff filed his Complaint against Defendants in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  Defendants removed the case to this Court on October 8, 2008. (DE 1)  The Complaint alleges one count of unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), against both Defendants; one count of breach of contract against Breckenridge, and one count of

violation of the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.201 ("FDUTPA"), against both Defendants.  Plaintiff seeks compensatory damages in excess of $200,000.00, punitive damages, and attorney's fees.

The facts, as alleged in the Complaint, are as follows: In 2006, Plaintiff was employed by Breckenridge. Compl. ¶ 6.  Runsdorf, Breckenridge's CEO and primary owner, was Plaintiff's supervisor. Compl. ¶ 6.  In early 2006, Plaintiff observed several instances of sexual discrimination within the company, including sexually explicit jokes and demeaning comments made about and in the presence of multiple female employees of Breckenridge. Compl. ¶ 7. Plaintiff opposed this practice, which he understood to be illegal. Compl. ¶ 8.  Plaintiff visited Eugene Kim, then serving as Breckenridge's director of human resources and general counsel, to report the discriminatory conduct and request that Kim take action to stop it. Compl. ¶ 9. Instead, when Runsdorf learned of Plaintiff's conversation with Kim, Runsdorf retaliated against Plaintiff by firing him. Compl. ¶ 10.  Plaintiff has suffered damages, including loss of wages, emotional distress, and loss of reputation. Compl. ¶ 13.

On April 26, 2006, Breckenridge and Plaintiff formed a contract governing Plaintiff's post-termination pay. Compl. ¶ 15.  The contract provided that Plaintiff would continue to receive his salary for twelve months beginning May 31, 2006, along with other valuable consideration. Compl. ¶ 17.  The total value of the contract exceeded $200,000.00.  On June 19, 2006, Breckenridge notified Plaintiff that it would not be paying him as the contract required. Compl. ¶ 18.  Breckenridge breached the contract by refusing to pay Plaintiff as agreed. Compl. ¶ 19.  Plaintiff has been damaged by Breckenridge's breach, in an amount exceeding $200,000.00.

Defendants move to dismiss certain counts and remedies alleged in the Complaint. Defendants contend that the claim for unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 (Count I) must be dismissed as to Defendant Runsdorf because the statute applies only to "employers," not individual employees.  (Mot. 3-4).  Defendants also argue that the claim under FDUTPA (Count III) should be dismissed as to both Defendants, with prejudice, because Plaintiff is not a "consumer," and thus has no private right of action under the FDUTPA (Mot. 4-6).  Defendants also move to dismiss Plaintiff's request for punitive damages from the Prayer for Relief because the Complaint makes no allegations specific to either Defendant alleging either intentional misconduct or gross negligence and because Breckenridge cannot be held vicariously liable under the facts alleged.

Plaintiffs respond that Runsdorf is Plaintiff's "employer" for purposes of Title VII because he is president, CEO, and primary owner of Breckenridge, and direct supervisor to Plaintiff. (Resp. 2-3).  Plaintiff argues that he has a private right of action under FDUTPA because the 1993 amendments expand private rights of action to a broad class of aggrieved persons, including Plaintiff. (Resp. 4-5).  Finally, Plaintiff asserts that Defendants cannot invoke state law heightened pleading standards for punitive damages to block Plaintiff's claim for punitive damages under Title VII.  (Resp. 5-6).

Defendants reply that, despite Plaintiff's contentions, Title VII applies only to suits against employers, not employees, and Count I must be dismissed as to Runsdorf. (Rep. 2-3). Defendants assert that, as to Count III, Plaintiff is mistaken as to the meaning of the 1993 amendments to FDUTPA and that a claimant must still allege that he is in some manner acting as a "consumer" in the conduct of trade or commerce. (Rep. 3-6).  Finally, Defendants concede

3

that Plaintiff may be entitled to punitive damages under Title VII, if he is successful. (Rep. 6).

However, Defendants object to punitive damages being sought in Plaintiff's general prayer for

relief, and request that Plaintiff expressly limit the demand to his Title VII claim.

**Standard of Review**

       Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of

the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground

upon which it rests." Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Factual allegations must be enough to raise a right to relief above the speculative level." Bell

Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  When

considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in

determining whether a plaintiff has stated a claim for which relief could be granted.  Hishon v.

King & Spalding, 467 U.S. 69, 73 (1984).

**Discussion**

***Count I: Unlawful Retaliation in Violation of Title VII of the Civil Rights Act of 1964***

       The Complaint alleges claims for violation of Title VII against both Breckenridge and

Runsdorf.  Defendants concede that the claim should go forward against Breckenridge, but argue

that it must be dismissed as to Runsdorf, because he is not an "employer" as defined by the

statute.

       The term "employer" for purposes of Title VII is defined by 42 U.S.C. § 2000(e) as "a

person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."

The parties do not disagree about the requisite number of employees. Rather, they dispute only whether Runsdorf, as an individual, can be considered an employer under Title VII, in addition to the corporate employer in this case, Breckenridge.

The law on this point is clear. The Eleventh Circuit "expressly [held] that relief under Title VII is available only against the employer and not against individual employees whose actions would constitute a violation of the Act." Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006); see also Hinson v. Clinch County Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000) (explaining that Title VII relief is against the employer, not individual employees); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (determining that individual capacity suits under Title VII are not cognizable, as a matter of law); Sparks v. Pilot Freight Carriers, Inc., 830 F.2d 1554, 1557-59 (11th Cir. 1987) (holding that agents are not liable as individuals under Title VII; rather, agents' actions trigger claims against employers under Title VII). To the extent that Plaintiff would attempt to circumvent this line of authority using the alter ego doctrine, Dearth forecloses such an argument by concluding "that the alter ego doctrine does not create an exception to the rule against individual employee liability in Title VII cases." Dearth, 441 F.3d at 934; Wallace v. UAW Local 1639, 2006 WL 3834272, *2. Plaintiff's Title VII claims against Runsdorf are not sustainable as a matter of law. Accordingly, Defendants' motion to dismiss the Title VII claim as to Runsdorf is **GRANTED.**

*Count III: FDUTPA*

Count III alleges a claim for violation of FDUTPA against both Defendants.  Defendants argue that Plaintiff is not a "consumer," and thus has no private right of action under FDUTPA. The Act provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce[1] are hereby declared unlawful." Fla. Stat. § 501.204(1).  While the statute has been amended to expand protection to corporate entities acting as consumers, Florida case law since the 1993 amendments still requires the plaintiff to act in some manner as a consumer in the conduct of trade or commerce.  See Fonte v. AT&T Wireless Services, Inc., 903 So.2d 1019, 1024 (Fla. 4th DCA 2005) ("FDUTPA is a remedial statute designed to protect *consumers*.") (emphasis added), Beacon Prop. Mgmt., Inc. v. PNR, Inc., 890 So.2d 274 (Fla. 4th DCA 2004) ("The critical term in the money damages provision of FDUTPA is that such actions must be brought by a consumer. Yet, as we have discovered, the 1993 definition of consumer expressly includes the whole range of business entities.") (internal citation omitted).  See also Bio-Med Plus, Inc. v. Health Coalition, Inc., 793 So.2d 1092, 1092 (Fla. 3d DCA 2001) (affirming denial of relief where "appellant is a competitor, rather than a consumer of the appellee").  Plaintiff does not plead any allegations that he acted as a consumer in the conduct of trade or commerce.  Additionally, Florida courts have dismissed FDUTPA claims premised on termination of employment. Smith v. 2001 South Dixie Highway, Inc., 872 So.2d 992 (Fla. 4th DCA 2004).  Accordingly, the motion to dismiss the

---

[1] "Trade or commerce" is defined as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. "Trade or commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity." Fla. Stat. § 501.203(8).

FDUTPA claim is **GRANTED.**

***Punitive Damages Sought***

_____The parties agree that the punitive damages being sought by Plaintiff is limited to Count I, the alleged violation of Title VII.  It is unnecessary for Plaintiff to make any modifications to the complaint in this regard.

**Conclusion**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss (DE 2) is **GRANTED IN PART AND DENIED IN PART**[2] as follows:

a.  Count I, unlawful retaliation in violation of Title VII,  is hereby **DISMISSED WITH PREJUDICE** as to Defendant Runsdorf.

b.  Count III, violation of FDUTPA,  is hereby **DISMISSED WITHOUT PREJUDICE**.  While the Court does not believe, based on the allegations describing the relationship between the parties, that  Plaintiff can state a valid claim under FDUTPA, the Court will give Plaintiff one additional opportunity to attempt to do so.

c.  Plaintiff need not amend his complaint regarding the claim for punitive damages.

_____

[2]Denied in part to the extend that the motion seeks dismissal of Count III *with* prejudice and as it relates to the claim for punitive damages.

2. Defendants' Motion to Strike Plaintiff's Opposition Motion (DE 13) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 9th day of January, 2009.

_____

KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record

8